IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60295
Conference Calendar
_____


BRIAN HOGAN,

                                        Plaintiff-Appellant,

versus

NOBLES, Etc.; ET AL.,

                                        Defendants,

NOBLES, Officer, Police Officer
at Hattiesburg Police Department,

                                        Defendant-Appellee.

_____

BRIAN HOGAN,

                                        Plaintiff-Appellant,

versus

CITY OF HATTIESBURG;
UNKNOWN NOBLES, Officer,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CV-20-PG
USDC No. 2:96-CV-31-PG
- - - - - - - - - -
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Brian Hogan, Mississippi prisoner # 67383, appeals from the magistrate judge's denial of his Fed. R. Civ. P. 60(b)(2) motion and his independent action under Rule 60(b)(3), alleging fraud on the court. By not briefing the issue, Hogan has abandoned any challenge to the magistrate judge's April 13, 1999, order denying his Rule 60(b)(2) motion. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if Hogan has preserved the issue, the magistrate judge did not abuse his discretion because the motion was untimely. Rule 60(b).

Regarding Hogan's independent action, Hogan renews his long-held view that he is entitled to relief because the judgment is based entirely upon perjured testimony given by the defense witnesses. Hogan's allegations of perjured testimony do not constitute such egregious conduct as to meet the narrow definition of a "fraud upon the court." Browning v. Navarro, 826 F.2d 335, 345 n.12 (5th Cir. 1987); see also Johnson Waste Materials v. Marshall, 611 F.2d 593, 600 (5th Cir. 1980). Accordingly, the magistrate judge did not abuse its discretion in denying the motion.

This appeal is without arguable merit and therefore frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

APPEAL DISMISSED.

---

R. 47.5.4.